This is 4090909. In re the Estate of Clyde Knowles, Janet Edwards and Lyndon Morgan versus John Knowles and James Knowles. We have for the appellant Frederick Roth and for the appellee William Sunderman. Mr. Roth. It please the court, justices of the appellate court, staff, opposing counsel. My name is Fred Roth. I'm here on behalf of the appellants, Janet Edwards and Lyndon Morgan. The issue here is about whether or not James Knowles should have been reviewed as executor in the Estate of Clyde Knowles. We're relying upon section 23-2 and there is a good cause. At the time that Clyde Knowles died, he had a pending lawsuit against his two sons regarding the entire farming operation as far as the cash grain operation, the livestock operation and the equipment that was included in that operation. As a matter of law, at the time that he died in December of 2008, the, I'm sorry, 2008, and they were appointed as executors. They took over that claim. They were taking over a claim as executor against themselves as defendants, putting themselves on both sides of the case. But that case is dismissed now, right? The case was dismissed during the hearing on their removal by Judge Resch. At the time, they had served for about nine months as executors and took no action in that case. To dismiss it, to pursue it on either side, either as defendants or as plaintiffs in that case. Judge Resch, without any notice to anyone, pulled that case during his dissertation at the time of the hearing in November 2009 and said that it had languished, that it didn't look like anyone was pursuing it and dismissed it for warrant of prosecution. As we've spelled out from the record, after Frank Weber withdrew his counsel for Clyde Knowles, he had severe problems. Problems that are all admitted in the record by none other than John and Jim Knowles, who had in effect an ex-parte hearing in October 2007, modified the protective order against John and they testified at that time of his weakened condition, his inability to read because he was blind, he didn't have a driver's license, he was hard of hearing. On days he knowing all of that, on the record at the time of the hearing, decided that he had set on his rights as a plaintiff and not pursued the case during the balance of his life. Some 16 months between that time and the time of his death. If there is other good cause means anything for removal, it means that the person who died was in the midst of a lawsuit with two of his sons and they are appointed under a will that has questioned the circumstances itself as executors, then there must be no real meaning to those terms of their, his other good cause. To have someone who is both plaintiff and defendant on a case resulting in someone's death, there's no case law that I could find of an existing case between the decedent and his the executor to continue in that position in control of the case against themselves with the counsel for both the estate and for themselves as defendant being the identical person. If it means anything to have a fiduciary duty as executors, they couldn't exercise that fiduciary duty in regard to a case pending against themselves. Wouldn't the probate code allow somebody else to take up that ancillary lawsuit? Yes, it does. Did anybody do that? No one did that except there was an attempt by the appellee in this action to have someone appointed by the court that they wanted to have selected. And the citation process is an available process in certain instances that makes some sense. But this comes to the core of someone's ability. Let me ask you more specifically. Didn't your clients ever try to take up the lawsuit? No, they did not take up the lawsuit. Why not? Because we appealed the decision of the court with regard to the removal. The lawsuit has been dismissed without prejudice. The executors haven't restarted it, obviously. And we have no position to restart it on our own. The door is open to us to go back to the judge and ask for the special appointment of an administrator and convince the judge that it makes sense to pursue a lawsuit started by the decedent against the executors, which they didn't even put on their inventory, and the judge has found worthy of being dismissed without ever calling either of the parties to the case to the court to explain what was going on. Is it open to us? Yes, it's open. Is it an adequate remedy under these circumstances? Absolutely not. Because the conflict is so core oriented, not only to the estate. The estate is cash. The estate is the grain operation, is the livestock operation, is the equipment. That is the estate. The person who died said that the people I had an agreement with, my two sons, stole from me, took things from me, didn't tell me about all the liabilities, and didn't account to me, and took all the books and records, and won't show me my share. That's what comes out of his complaint, the verified complaint that he filed when he had counsel who subsequently withdrew. The point is to say, oh, for this one instance, we will appoint a special administrator who's going to look into this and look at this situation as just inadequate. The cases that are cited... Well, counsel, I'm trying to figure out the series of events here, and there's a lot going on. Yes. Apparently, in June 18, 2007, the civil suit was brought by Clyde against his sons, is that right? That's correct. June 18, 2007. And on July 10, he revoked his will of September 2001, in which they were the beneficiaries? It may assist the court. Page 7 of my recovery gives the dates and the actual events listed there. Well, he did that, if I understand correctly, on July 10, and then two days later signed an affidavit in which he revoked the will he entered two days earlier, putting them back in as the beneficiaries. So all this is going on in the space of three and a half weeks? Yes. The suit, the revocation, the reinstallation of the sons' heirs under the will? There were two revocations. Three, actually. He signed a revocation on June 21, 2007, revoking the 2001 will. That was on June 21. The next day, he signed a new will, June 22. On July 3, he purportedly revoked that June 22 will and reinstated the September 30, 2001 will with a different attorney. Then on July 10, he signs a new will, which is identical to the one of June 22. And then two days later, purportedly, he signs another affidavit document of some kind, revoking, and it's interesting, the will that I signed during the week of July 9 and reinstating the will of September 30, 2001. So effectively, in that short time period there, he revoked five times different wills, two new ones. And it was on July 17 that his lawyer in the case the guardianship case and the order of protection case, the order of protection that had been entered June 6, 2007. And then shortly after that, the next day, he's involuntarily committed to the psychiatric ward in Regents Hospital in Indiana after he attempted to see the attorney there to visit with him and was prevented from visiting with the attorney, the one that supposedly signed those two redo of the September 2001, reinstatement of the September 30, 2001 wills, prevented from seeing that attorney, and was put into a psychiatric ward and then taken out sometime shortly after that by his two sons, Jim and John, who told the sisters, you can't come and see your father unless we know about it and we approve it. Okay. And then without notice to really anyone, because the written notice to him he couldn't read and there was no testimony that anyone read it to him, they go to court in October to modify the order of protection. But it's significant to see also that on August 20th, when the certificate of service of Weber formally confirmed to the court that he'd given notice from his perspective to his client that he had withdrawn from those three cases, that very day, supposedly, he is being put into position as executor for his wife's estate and the next morning at 11 a.m. disclaims half the property that's his. The... Don't your clients at some point in these proceedings allege that he was non-compensamentous? I have to apologize. I'm not sure I understand the word. That he was senile and incapable of handling his own affairs? We think by August he was. How about in June? June, I don't know. I don't think so because I've read his doctor's report that he obtained in April and May. And I've spoken to Frank Weber. Well, if I'm the trial judge looking at this history, what's the matter with my thinking, well, this is all just kind of crazy stuff. Oh, it is crazy stuff. And no one's picking up or pursuing it, so I'm just going to dismiss this case. Who was in the position to pursue it at the time that he dropped the case? Not my clients. Why not? Because the successors to that case as plaintiffs is the estate. And that was the two executors pursuing themselves. Well, that gets back to my question. Couldn't you have moved to substitute your clients for the party's plaintiff on behalf of their father given the obvious conflict? Or somebody else to pursue that case? Right. And we will let them spend all the money in the estate fighting us as executor and as counsel when the core issue goes to the very estate itself. And the fairness of that. Well, this is a less expensive proposition. That allows us to substitute in as plaintiff for the executor unless we are appointed as administrator for the executor. That's the process as I understand it. It could be done. But it goes to the core. They're going to get executor fees and attorney's fees representing the estate. They're going to get attorney's fees and all of the rest of it while they do this. And they're not doing their job under this circumstance. The conflict is so core issue oriented that if other cause means anything under Section 23-2, this has got to be one of those other causes for them to be removed. We're not asking to be appointed. We've told Judge Tracy Rush we want an independent person to step in on this, evaluate the cause of action on behalf of the estate fairly. That's what we're asking for. But we think they are totally conflicted and they were conflicted for nine months and they don't even put it on the inventory. And they don't even what? They don't even list this claim on the inventory they filed or the supplement they filed in the case. They completely ignored this claim. And Judge Rush's comment that, well, it was public record so everybody knew so that's not a big deal. I'm not very persuaded by that comment to say that because something's public record,  that they took no action either as defendants or plaintiffs to do anything about. The conflict here is not like the one in the cases that Judge Rush cited, like First National Bank of Moline. There was no pending lawsuit by the decedent against First National Bank of Moline at the time that the person died. That was a wrongful death claim that could have been involving the estate in the wrongful death claim because of the murder that supposedly is alleged. That's a different kind of conflict than we have here. We have the middle of the road. The decedent was suing them. They had 16 months before he died to go to court and try to dismiss it. Why didn't they?  They knew he was senile. He'd have a guardian that allied him and then they'd really have to fight someone. Who are the beneficiaries under the will? Under all wills, all family members are beneficiaries, just in different proportions. The September 30, 2001 will clearly benefits the sons versus the daughters. The wills that were done in 2007 by Frank Weber are more evenly split among all four. They weren't written out. This isn't writing someone out or not writing someone out. This is just a difference between the levels. At the moment, which one of these wills has been admitted to probate? The one from September 30, 2001 was admitted to probate. That's the one that's also being challenged by us as being one that was done at a time under both duress and lack of mental capacity. In 2001? The 2001, it was reinstated in 2007. It's the reinstatement in 2007 where we're saying he didn't have the adequate capacity and he was under duress of the sons at the time that he signed that in Terre Haute, Indiana with an attorney that we have no record he ever used except for these two reinstatements. And that attorney, he attempted to see after Frank Weber withdraw and was prevented from seeing him and ends up in the psychiatric ward for four days. It was that time period there where our claim is that he didn't have capacity and he was under undue duress at that point. His wife had just died in June. The will that he wrote with Frank Weber and signed two different dates is the identical will. It's not two different wills. It's the identical will. So what we have is he revoked the September 30, 2001. The next day he signs a new will. Approximately a week or so later, he re-signs the identical will and it's reattested. What happened on the petition for the appointment of guardian? Nothing. After he withdrew, well, it's my understanding because of his death, it's moot, but it was never dismissed. There were no actions taken from the time his attorney withdrew in July of 2007 until the time of his death a year and a half later. The plaintiffs or the petitioners in that, the two brothers, never brought anything to court. And nothing was done on his side and there were no hearings. These cases just went dark from the time that he was no longer capable himself and wasn't represented by counsel. The case 07-CH-19 that was dismissed for lack of prosecution, is that still a viable case if someone else wanted to get involved in it? We believe so. Wasn't dismissed with prosecution? It was not dismissed with prejudice. In our interpretation, dismissed, he said dismissed for lack of prosecution. And in his opinion, mentions that all of this is without prejudice to have a special administrator appointed to look into that case. So if we were to agree with you, some special administrator then could get involved and take over that case? If you were to agree with us, you would remove Jim Knowles as executor and the trial court would appoint a new executor. And a new executor could look at that case as well as everything else and decide what's worth pursuing and what's not worth pursuing. And your claim is that this is a potential asset of the estate? This claim, yes. Well, the reading of it, it's a verified complaint. I don't believe Frank Weber did it in bad faith when he filed it and therefore we think there is credibility to that claim. Court commented that it was pretty, what did the court say, conclusory, devoid of facts or allegations. Is he right? I don't believe so. It's exhibit number two to my appellate brief. It's asking for an accounting and damages. He says he doesn't have his books and records. He says he believes they have stolen from him property, both in the operation where three of them had a one-third of gross proceeds and one-third of the expenses arrangement between them. And he's asking for an accounting and he's asking for damages in the amount that he finds out from the books and records that they have to provide to him, which they took. I saw it as a standard request for an accounting by one of three partners in an arrangement saying they aren't giving me the information, I don't know, and I believe they have taken monies from me. Judge Rush, is this this Action 07-CH-19-Suis Ponte? Yes. There was no one who made that motion? No one made that motion. We had introduced that case as one he could take judicial notice of, and he is the judge on that case, as with all the cases except the order of protection. But when he introduced it at the hearing, he says, I've looked at this case, I've read this, and these are my comments, and I'm dismissing it. And then basically looked at me and said, now what do you have to say, Mr. Roth? Anything further? Well, at that point, Mr. Knowles was deceased, right? Biden Knowles was deceased, yes. He died in December of 2008. The plaintiff was deceased, but you claimed that this would then be an asset of the estate? Yes. Like any other? Like any other lawsuit claim of any other plaintiff. Did you move to substitute, as you were required to do in one of those cases? Move to substitute on behalf of an interested party in an estate, or move to... It was the estate that succeeded to the interest of plaintiff. But my understanding is you have to move to substitute. Well, the executors would have to move to substitute to technically be in the case. That's correct. They didn't take any action at all. We, as an interested party, couldn't have petitioned in that case, and we'd like to move that we come in on this case because we had no legal standing or position as a beneficiary of the estate to come in and claim the position of plaintiff for the estate. I did cite a case in here talking about the fact that when a person dies, if they had outstanding claims in lawsuits, that the estate has a right to that, not the individual beneficiary. So we didn't have any direct right to jump into that case directly. I couldn't have contested the motion to dismiss at the hearing because we weren't even of record in that case, and we had no standing to be in that case at that time. Being a beneficiary doesn't give you standing. Does not give us standing to come in and act for a plaintiff when there's an estate that succeeds to the rights of the deceived. That's our position. They had the right to do that. They had the right to do it. They had the right to evaluate it. They had the right to determine it. But they were evaluating a claim against themselves. There's a will contest now pending regarding the resurrection of the September 2001 will. Right. The July 12 reinstatement of David. And if you won that contest, that would then be simply the same beneficiaries, just in different proportions? Substantially different proportions. Substantially different proportions. How substantial? The will, which is part of the record, is several pages long because it individually identifies several tracts of property. We're talking about land that could be, even in today's market, $3 to $5 million of land. When I say substantially, the difference between what the two brothers get versus the two sisters as groups is probably in the range of $1 to $2 million or more. So if whatever the results of the will contest, I guess you don't have any, doesn't change your posture with regard to this claim against the brothers? It doesn't change the posture with regard to the claim. The person who will step in to defend this will contest will be whatever new executor. So you're so, this case is about you just want a different executor, some neutral executor, not the brothers, and then able to evaluate the claim against them that Clyde brought. The central piece of the executor is to assemble the properties, look at the liabilities, decide what to bring and what not. Is that a yes, Mr. Roth? And the answer is if we had someone who wasn't being sued in that job, that person could do it. Does that answer my question, yes? Yes. Mr. Sunderman? Good afternoon. Please, the court. I'm Tony Sunderman. I'm here for Jim Knowles, the estate of Clyde Knowles. Mr. Roth and I don't even agree on why we're here or what the issue is. Mr. Roth suggests to you that the issue is should Mr. Knowles have been removed as the executor. I respectfully suggest that in this court the issue is whether or not the trial judge abused his discretion in finding and ordering as he did. In doing what? In finding, making the findings he did, and entering the order that he entered on November 24th. But they sued to remove James Knowles as executive, did they not? Oh, absolutely, they did. And that's what they lost? That's one of the issues. That's what they're appealing? That's been their appealing. Okay. But the removal, the refusal to remove in and of itself isn't the test. The test is, did the trial court act unreasonably? Well, let me ask you about this. Why did the trial court sui sponte dismiss 07-CH-19? With all due respect, the petitioners in this case may have wasted themselves on their own batard. When they filed their petition for removal, Jim Knowles filed a motion, or a petition, for the appointment of a special administrator. The purpose of that was, if this claim is legitimate, the court needs to set somebody in the position of the executive for purposes of proceeding to determine the validity of the claim. The petitioners seeking removal filed a motion to strike, to strike the petition for the appointment of a special administrator. And if the court would look at the records, you'll find that that motion to strike the petition was the first matter that was argued. And the court denied, or I'm sorry, allowed the motion to strike. Well, I don't understand. What am I missing here? What you're missing is paragraph three of the judge's order, which says, case number 07-CH-19 has been dismissed for want of prosecution after a petition to appoint a special administrator to prosecute that action filed by James Knowles as executive was stricken on the motion of the petitioner. Janet Edwards and Linda Morton. There wasn't anybody there who could pursue 07-CH-19. What's the difference between a special administrator and changing the executive? There's a very substantial difference, and the law recognizes that. The law says that any testator can select his personal representative, and that selection is honored to the most extent possible. But in the event there is a conflict, and it's not unusual for the executive to have a claim against the estate or the estate to claim something against the executive, the procedure is that a special administrator is appointed for the purpose of determining that claim, one way or another, and representing the estate during the determination of that claim. In this instance, a bank or trust company or someone could have been, on Mr. Jim Knowles' petition, appointed as a special administrator to attend the duties of the administration of the estate while the underlying claim, whatever it may be, was litigated. Now, did in the petition for appointment of special administrator that Jim Knowles filed, did they identify 07-CH-19 as the reason? Yes, and it specifically provided that the claim addressed by the petitioners in this case needed to be addressed by a special administrator. Well, what am I missing here, counsel? That seems to be the relief that Mr. Roth is arguing he wanted to get. No, it's not. No, it's not at all the same relief, Judge. It's what? It's not the same relief. If the court pleases. He wanted a different executive. They wanted him out. That's exactly right. They didn't want a special administrator. They didn't want a temporary. They wanted him out. Well, it seems, though, that the argument we just heard was based essentially only on 07-CH-19. Well, that was the only evidence there was. When this matter was called for trial on the removal issue, there wasn't any evidence on it except the existence of 07-CH-19. Not a shred of evidence was heard. No argument was addressed of any other factor other than that issue. So under the circumstances, I think the trial court, in a relatively well-reasoned opinion, denied the petition for removal. And it specifically guaranteed to the petitioners the right to move forward with a citation if they wanted to do so. They elected not to. They elected not to. What do you mean by that? What do I mean by that? Yes. By a citation proceeding? Well, they guaranteed to them the right to proceed with the citation. This court said, and I quote exactly, paragraph 3 from the order again, this dismissal, I'm sorry, the dismissal does not prejudice the rights of interested parties to institute citation proceedings under section 16-1 of the code of ethics. There was some reference made, if I understand correctly, by Mr. Roth that there was a problem with Mr. Knowles' executor because he didn't list this case as an asset of the estate? That's true. He did not. So what is your response to his claim that that's a bad thing? So what? My response is this. If the judge directs the listing of an asset in the inventory or the filing of an inventory, and the representative doesn't do so, that's a ground for removal. But as the trial court pointed out, nobody ever asked for an order like that, no order had been ever entered, and all of the other inventory items were there. So there is a remedy if, in fact, there is an asset. The question is, is there an asset? And Jim Knowles is quite sure there is. What was Mr. Roth's counsel for the petitioners with regard to the motion to strike the petition for a special administrator? What was the basis of the motion? And that's all set forth in the report of proceedings. He objected to the use of the language that was in the petition to the effect that the claim asserted by the petitioners, Janet and Linda, be adjudicated. He thought that was inappropriate, that it should have been, he had some other language that he thought was there, but he didn't suggest specifically what. What claims were those? I thought we were just talking about 07-CH-19. The claim set forth in that accounting action is what I'm referring to. In the accounting action? Zero, yeah, 07-CH-19. Okay, that was Clyde's lawsuit. Clyde's lawsuit against the Sunset. Right, right. And incidentally, I pointed out in my brief, and I respectfully suggest again, the only portion of that case you've got is the complaint. You don't have the motions to dismiss, the memorandums, and you don't have Frank Weber's motion to withdraw. The record doesn't contain any of that information, and if the court would review the transcript, you'll see that Judge Resch had the entire court file beside him on the bench. So he looked at the entire file in making his decision and rendering his opinion that was set forth in this order. So I would respectfully suggest that the record doesn't support relief sought. Secondly, the judge's decision was not arbitrary, was not unreasonable. And frankly, when counsel for petitioners talks about core conflicts, he's making the same description and the same argument that was made in Kuhn's estate, where we have almost exactly the same factual pattern where we have first a will contest, and then a petition to remove based upon the core conflict of the representative who can't defend the will contest against strange siblings without wasting the estate and expending its efforts. They, in the estate of Kuhn, the appellate court ruled that that was not sufficient other cause, and that's where we are today. What other cause is there? And when you look at the reasoning... Did you, in your motion, was it your motion for the appointment of a special administrator? It was, absolutely. Did you specify anyone, or if the motion was granted, would that have simply been left up to the trial court's discretion? I didn't make any suggestion for anyone. I didn't think that was within my responsibility. And the experience down in the Fifth Circuit, when motions like these are granted, who's appointed? Some bank? Usually a bank, exactly. Trust officer or something? Yes, or sometimes another lawyer, if they can't find a trust officer who's willing to do that. In this day and age, there's fewer and fewer trust officers who want to put themselves in that position. But some, in some third party without interest... So the discrepancy... And that person's sole duty then would be to evaluate and pursue this asset if there's any merit to it? Yes, yes. And it was after the motion to strike was granted that the trial court then dismissed the complaint? Yes, only after the motion to strike the petition for appointment of a special administrator. Did you indicate as counsel on behalf of Jim Knowles that you weren't going to be pursuing it then? No. You just figured that out? I think the court concluded that. And that's certainly not unreasonable. You know, the petitioners in this case have multiple remedies. One, they can seek the citation, which is what the trial court told them to do. Secondly, they could have intervened as a matter of right in the underlying CH case under the Practice Act. They have the right to intervene in that case. They chose not to do so ever. They had standing to do that? I think under the statute they would. They're interested parties. They have a direct interest in the litigation. So you think that this was all just to get rid of Jim as the executive? Absolutely, just as the Paxson-McCoons estate case are. Other than the 07-CH-19 case, has anything ever been raised or cited by the petitioners as a problem with Jim Knowles as executive? You mean a record in any court proceeding? Well, in this case, right here. No, no. For instance, you said we had a hearing. What did they say other than they shouldn't be? Well, they didn't say anything. There wasn't any evidence had. That's the remarkable thing.  Not a single word under oath was muttered by the petitioners. The record before us in this case, what contention and evidence or evidence is there about Jim Knowles' inability to properly serve as executor other than this? None, none. The existence of 07-CH-19. That's it? Is it. If there are no other questions. I have one question, I think. The complaint in 07-CH-19 doesn't even ask for damages. No, it doesn't. It doesn't ask for damages. It doesn't ask for any... But it asks for an accounting. That's right. It doesn't ask for damages. It doesn't ask for a whole lot of things that would normally be found in an accounting action. And in fact, because the record is incomplete, you can't see the issues raised in the motion to dismiss that were related to that complaint. But there were numerous issues about the quality of the complaint. And of course, you can't see Mr. Weber's withdrawal motion either. You have no information about why those aren't in the record? I didn't make the record. No, I do not have any information. I did come over to Springfield to make sure it wasn't there. You do know you have the power to request that it be supplemented by the clerk? I do have that power, but it didn't become an issue to me until after I'd read the original brief about the appellants. Any other questions? Thank you, counsel. Thank you. Mr. Ralph Trevettel? I have with me the petition for appointment of the special prosecutor, and in part reads, Moose for the appointment of special administrator for the purpose of prosecuting claims of Janet Edwards and Linda Morgan premised upon that certain complaint filed, and then it goes on to this 2007 CH-19. Although the petitioner herein denies any impropriety and has filed his motion to dismiss, which was never heard, this is what they filed, their two-page motion to try to end run and say, go ahead and appoint someone. Was it a petition for a special administrator in that case? They had no standing to file that petition for this special administrator. Here's my question. I'm trying to get a feel for what's going on here. Mr. Sonnenman says it was a motion, they filed a motion for a special administrator to have a special administrator pursue as an asset of the estate, make a determination if there was something there, and then pursue it, the case against the brothers. Is he right? No, that's not what it says. What does it say? It says, for the purpose of prosecuting claims of Janet Edwards and Linda Morgan, it doesn't say to prosecute that case. Well, let me just ask you. It doesn't say what he's saying today. Does it make reference to 07-CH-19? It makes reference to it, yes. In what capacity? Read it. It says, premised upon that certain complaint filed in the circuit court for the Fifth Judicial Circuit, Clark County, Illinois, Capt. Clyde R. Knowles v. John W. Knowles and James C. Knowles, cause number 2007-CH-19. Although the petitioner herein denies any impropriety and has filed his motion to dismiss the complaint and said cause, it is appropriate that the claims indirectly asserted by Janet Edwards and Linda Morgan be expediently resolved once said proceeding is at issue. Why do you oppose it? We opposed it on several reasons. First one is that the Probate Act itself precludes them from filing this petition. It's right in section 27-5. The person appointed as a guardian ad litem or special administrator under this act may not be selected upon the recommendation of any person having an interest adverse to the person represented. The question I ask is, was he trying to select someone? And he says no. He's making the recommendation to have someone appointed to protect his position when he has no standing to even file. Well counsel, I don't understand what's going on here. It seems to me that if I'm Judge Resch and they're petitioning for a special administrator and I grant the motion, I'm going to be appointing a special administrator, not Mr. Sunderman. I'm going to be choosing someone of my, and maybe give you, gee Mr. Roth, who do you think would be a good person for this independent role? What part of the statute prohibits that? It's very simple. Why did the judge decide I have to dismiss for want of prosecution this other case in the middle of the hearing? If the case can exist and he can appoint someone to take it over, why did he feel it necessary to, quote, eliminate the conflict by dismissing the case for want of prosecution? I understand it in order, though. The first thing was the petition for special administrator. Wouldn't that have been- I can go file a special administrator request in every estate to circumvent- If the motion were granted, why wouldn't that have given you the relief you wanted to have this matter independently evaluated and pursued? You heard it here today. Mr. Sunderman, in his response to me, said it's a world of difference between being an executor and being some special appointed administrator with a small scope out here on the end. Well, I asked him this question- Mr. Roth, please. This is my question. I want to get your response. Out of N07CH19, did you cite anything about a problem with Jim Knowles as being an executor? Yes. What was it? He didn't even list this claim in the inventory or the supplemental inventory or take any action on it in nine months until we came into the picture. But the complaint doesn't even ask for damages. It asked for an accounting. It asked for an accounting and for damages. I think the sentence is, from my copy, within the complaint, paragraph six, on an accounting by defendants, John W. Knowles and James C. Knowles, there will be found due to plaintiff a large sum of money, the amount of which is not known to the plaintiff. And then under the relief paragraph, it says that defendants John W. Knowles and James C. Knowles be required to account for all monies and property due and owing to him. It asked for an accounting. I'm not trying to rephrase what it is, but why was it so uncomfortable upon the trial judge to dismiss this in the middle of a hearing and then point to me and say, now the conflict is eliminated? That shows an interesting stepping into this. Who moved to dismiss the petition for the appointment of a special administrator? I moved to strike the petition because of the fact that they had no right to file it and contrary to what he says is Illinois law, in my... Sounds to me like you were hoist on your own petard. The rule in this state, therefore, is that the executor or administrator of a decedent estate has standing to file suit on behalf of the decedent. But the legatees, heirs, and devisees have no such standing, citing a McGill versus Lozaro case, 1980 case, Illinois appellate decision that was cited to Judge Rest to point out that we don't have standing. We don't have any right to intervene as being mentioned here on behalf of the estate as plaintiff. That's to be done by the executor who refused to acknowledge the case, refused to schedule the case, and once we come in asking that he be removed because of the conflicts that are obvious, he says, oh, why don't we just have a special prosecutor appointed for what you think your claims are and that will leave me in as executor. Do we want him removed? Absolutely. Do we think he should be removed? Absolutely. Try to explain these facts to any lay person on the street to try to embolden any confidence in the probate action and you won't find it because it's a core concept here that is being violated, both as to the attorneys and as to the executors, because they refused to acknowledge this claim until we came forward. Counselor, your time is up. Thank you. We'll take this matter under advisement until the next case.